THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LAVERNE JOHNSTON, Defendant-Appellant.

(No. 71-213; )

Third District—January 5, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Donald C. Woolsey, State's Attorney, of Galesburg, (Dwight L. Shoemaker, Assistant State's Attorney, of counsel,) for the People.

PER CURIAM:

This cause has come before this Court on the motion (to withdraw as counsel) of Bruce Stratton of Illinois Defender Project, who was appointed as attorney for appellant Robert Laverne Johnston in this case. In that motion, such counsel points out that defendant was indicted by appropriate procedure for the offenses of Burglary and Theft, and that on May 3, 1971, defendant in the Circuit Court of Knox County with his counsel tendered his plea of guilty to Burglary and that such plea was accepted. Thereafter, on July 12, 1971, defendant was sentenced to terms of imprisonment of not less than two (2) nor more than two (2) years and three (3) months.

It appears from the record that defendant was properly arraigned and that a copy of the indictment was furnished to him. The trial court explained that defendant had a right to jury trial and the right of confrontation and cross-examination, and, also, the right to require that the prosecution prove his guilt beyond a reasonable doubt. Defendant told

512

the court that he was not threatened or coerced in his plea and that he waived trial by jury, and voluntarily entered his plea of guilty. He was properly advised of the maximum and minimum penalties for the offense by the court and persisted in his plea.

The State's Attorney and counsel for defendant advised the court that the plea had been negotiated pursuant to Supreme Court Rule 402. The court advised defendant that it was not bound by these agreements. Defendant declined to withdraw his plea and said he had consulted with his attorney and was satisfied with the attorney's services.

Following waiver of hearing in aggravation and mitigation, and, after the court had ascertained the factual basis for the plea of guilty, the sentence was imposed on defendant as indicated. The sentence which had been recommended by the prosecution was two (2) years to two (2) years and one (1) day. It appears from the record that defendant, in response to questioning by the court, disclosed that he had served thirty (30) months of a two (2) to three (3) year sentence for a previous burglary in 1961.

■■ From our complete review of the record it is apparent that defendant was properly admonished in accordance with the requirements of *Boykin v. Alabama,* 395 U.S. 238 and in accordance with Rule 402 of the Illinois Supreme Court. We believe there has been adequate compliance with the case of *Anders v. California,* 388 U.S. 738 and that in fact an appeal could not be successful and that counsel was correct in indicating that such appeal would be wholly frivolous.

The judgment of the Circuit Court of Knox County will, therefore, be affirmed. We have heretofore entered an order allowing the motion to withdraw by Bruce Stratton of Illinois Defender Project as counsel for appellant.

Judgment affirmed.